## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**DAMARIS L. RODRIGUEZ,**

*Plaintiff,*

vs.

**HOME DEPOT, INC.,**

*Defendant.*

**Case No.:**  CIV-16-1464-F

## COMPLAINT

COMES NOW the Plaintiff, DAMARIS L. RODRIGUEZ, by and through her attorneys of record, Robert J. Wagner and Jon J. Gores of the firm WAGNER & WAGNER, P.C., for her claims of relief against the Defendant, HOME DEPOT, INC., and alleges and states as follows:

## PARTIES

1.     Plaintiff, DAMARIS L. RODRIGUEZ (hereinafter "Plaintiff"), is a Female of Puerto Rican descent who is a resident of Comanche County, State of Oklahoma.

2.     Defendant, HOME DEPOT, INC. (hereinafter "Defendant"), is upon information and belief a Corporation established under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia which had in all weeks of the calendar years of Plaintiff's employment over Five Hundred (500) employees.

3.     Defendant owns and operates various retail stores across multiple states including Oklahoma.  One of these affiliated stores is located in Lawton, Oklahoma at Store Number 3914.

4.      Plaintiff was employed by Defendant at Store Number 3914 as a cashier from February 25, 2015 through November 18, 2015 when her employment was terminated.

## JURISDICTION AND VENUE

5.      This is a cause of action for discrimination based on sex (female), race and national origin (Puerto Rican) in violation of:  Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act as Amended; the Rehabilitation Act of 1973; the Oklahoma Anti-Discrimination Act (25 O.S. §1101, et. seq.) and common law of the State of Oklahoma or "Burk" tort in connection with being retaliated against after reporting wrongdoing by other assoicates.

6.      Jurisdiction over the federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.  The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

7.      All of the actions complained of occurred in Comanche County, Oklahoma, and Defendant may be served in that county, which is within the geographic limits of the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

8.      Plaintiff has complied with the administrative prerequisites of filing a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") for "RACE", "NATIONAL ORIGIN", "SEX", AND

"DISABILITY" in Charge No.:   (564-2016-00440), which is attached hereto (as "Appendix-1") and incorporated herein by this reference.

9.      The "Notice of Suit Rights" was issued and mailed to Plaintiff and Defendant on or about the 27th day of September 2016.

10.     Plaintiff first received a copy of the "Notice of Suit Rights" or "Right to Sue Letter" on or after the 28th day of September 2016.  A copy of said "Notice" is attached hereto (as "Appendix-2") and incorporated herein by this reference.

11.     The ninety (90) day period within which Plaintiff must file an action, pursuant to the "Notice of Suit Rights" expires on or after the 27th day of December, 2016.

12.     This Complaint is timely filed within ninety (90) days of her receipt of the Notice of Suit Rights.

13.     The EEOC has a work share agreement with the Oklahoma Attorney General's Office of Civil Rights Enforcement ("OCRE") located in Oklahoma's Attorney General's Office such that a filing with the EEOC satisfies any requirements under the Oklahoma Anti-Discrimination Act (OADA).

## STATEMENT OF FACTS

14.     Plaintiff is a Female who was born in Puerto Rico, and she is bi-lingual and speaks English with a foreign accent.

15.     Plaintiff has experience in other areas of the service industry working with customers prior to her employment with Defendant.

16.    In February of 2015 Plaintiff was hired to work as a Cashier for Defendant at Store Number 3914 in Lawton, Oklahoma.

17.    Plaintiff's job duties consisted of but were not limited to greeting customers, assisting customers with credit card applications and sale protection plans, operating the cash register, assisting with returned items, and providing customers with any assistance they might need in connection with the retail store.

18.    At all times during her employment Plaintiff performed her job duties in a satisfactory manner.

19.    Plaintiff was subjected to different terms and conditions of employment when other cashiers who were Caucasian, from the US and NOT disabled or perceived as being disabled.

20.    Other non-Puerto Rican who were similarly situated as Cashiers were provided raises and Plaintiff was not despite her having outperformed other cashiers with a greater number of transactions at her register.

21.    Plaintiff complained of not receiving a raise and no action was taken.

22.    Plaintiff was told that because of her accent, she could not be promoted into other departments and that Plaintiff had "poor metrics" despite having higher productivity than other cashiers similarly situated.

23.    On two (2) different occasions, Plaintiff applied to move departments into Kitchen/Bathroom, but she was denied both times.

24.     Other employees who were less tenured, non-Hispanic employees, including Caucasian and male employees were promoted within three months of their hire date.

25.     Plaintiff complained of not being promoted.

26.     Plaintiff was asked to be a cashier in the outdoor lawn and garden department.

27.     Plaintiff has severe allergies that are medically treated, and she provided a doctor's note supporting her request for certain accommodations in the form of requesting that outdoor activities be limited.

28.     Plaintiff's allergies and presentation of a doctor's note gave notice of her condition.  Plaintiff could meet the essential requirements of her job with or without an accommodation, making her a qualified individual with a disability under the Americans with Disabilities Act of 1990, as Amended (ADAAA).

29.     Plaintiff requesting that she not be moved to serve as a cashier in the outdoor lawn and garden center was a reasonable accommodation request under the ADAAA.

30.     No interactive process was allowed and no reason for denying her requested accommodation was given.

31.     After making her request that she not be transferred to the lawn and garden department, Plaintiff began being treated even less favorably than other employees after disclosing her allergies, declining the assignment and disclosing her disability.

32.     On two occasions the store manager came over to Plaintiff stopping her and

saying:  "I didn't say hi to you" and asking "do you have those clothes on for me?", making Plaintiff feel extremely uncomfortable and making her dread going back to work.

33.    Plaintiff was written up shortly thereafter for having "Poor Customer Service".

34.    Plaintiff was awarded "Cashier of the Month" but a short time later in August of 2015, was given a first and final written warning allegedly due to customer complaints, but no specifics were given.

35.    Plaintiff was ultimately terminated for the purported reason of having poor customer service, and Plaintiff asked Defendant to provide instances or evidence showing poor customer service none was presented.

36.    The mere allegation that she was being terminated for poor performance, when in fact she had a higher number of customer transactions than other cashiers constitutes evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

37.    As a result of Plaintiff's termination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish, lost wages and lost benefits.

38.    Plaintiff filed a "Charge" of discrimination with the Equal Employment Opportunities Commission (EEOC) in Charge Number 564-2014-00440. (*See* Appendix-1)

39.    A Notice of Suit Rights was issued by the EEOC on the 27th day of September, 2016.  (*See* Appendix-2)

## CAUSES OF ACTION

### *COUNT I*

**Violation of Title VII of the Civil Rights Act of 1964, as Amended**

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

40.     Plaintiff is female employee who is of Puerto Rican descent.

41.     Plaintiff is bi-lingual and speaks English with an accent.

42.     Plaintiff belongs to a protected class due to her race and national origin (Puerto Rican) and due to her gender (female).

43.     Plaintiff was discriminated against in the terms and conditions of her employment, being given less favorable assignments, denied promotions in other departments, and denied pay raises compared to similarly situated non-Puerto Rican employees.

44.     Defendant allowed there to exist a hostile work place wherein even the store manager would comment on Plaintiff's clothing and if she was wearing certain professional dress for his benefit.

45.     Men with shorter tenure were promoted in other departments than Plaintiff.

46.     Plaintiff complained of these practices and no meaningful action was taken to correct or prevent the differential treatment.

47.     Due to Plaintiff not receiving raises and advancements as other non-Puerto Rican employees, or no meaningful investigation to cure the treatment, Plaintiff was subjected to continuous discrimination on basis of her race, national origin and gender in the work place.

48.     To the extent that Defendant may allege other reasons for discrimination of Plaintiff either through terms and conditions of employment or in connection with her termination, any such allegation should be considered evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

49.     Being treated different and less favorably on the basis of race, national origin and gender is discrimination.

50.     The Defendant's conduct toward Plaintiff, as alleged above, has caused Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

51.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of the career potential she had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

52.     Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53.     As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

54.     Plaintiff seeks declaratory judgment that Defendant violated Title VII and award all damages authorized thereunder.

## *COUNT II*

### Violation of Oklahoma Anti-Discrimination Act (OADA)

Plaintiff incorporates all prior allegations and further alleges that:

55.     Plaintiff seeks declaratory judgment that defendants violated the OADA and the public policy of the State of Oklahoma as defined therein.

56.     Plaintiff seeks damages for violation of the OADA, but only to the extent state law is NOT a duplication of the relevant Federal law or remedies.

57.     Plaintiff seeks relief for discrimination on the basis of her race, national origin and gender.

58.     Plaintiff also seeks relief under state law to the extent that "Any other result would condone breach of a duty imposed by law on all employers -- the duty not to discharge an employee for attempting to correct an illegal or unethical act." Rosenfeld v. Thirteenth Street Corp., 1989 Okla. LEXIS 105 (Okla. 1989) 4 I.E.R. Cas. (BNA) 770.

59.     Plaintiff also requests relief under State law, which allows different damages, attorney fees and other remedies which are not authorized by Federal Law. Shirazi v. Childtime Learning Center, Inc., 2009 OK 13, 204 P.3d 75 (Okla. 2009).

60.     Defendant's failure to properly hire, train, supervise or discipline its employees and management for discrimination constitutes negligence.

61.     The negligence included failure to establish policies to prevent discrimination on basis of race, protocol into investigating claims of discrimination and educating Defendant's employees.

62.     As a result of negligence to properly hire, train, supervise or discipline those charged with carrying on the company's business, Plaintiff was subjected to discrimination the basis of race by her co-workers and managers who took no action to prevent a hostile work environment.

63.     As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

## *COUNT III*

### Violation of Americans with Disabilities Act as Amended and/or the Rehabilitation Act of 1973.

Plaintiff incorporates all prior allegations and further alleges that:

64.     Plaintiff has severe allergies that are medically treated by a doctor.

65.     Plaintiff's severe allergies restrict her from working in outdoor locations.

66.     Because of Plaintiff's severe allergies she was treated as being disabled or perceived as being disabled and making her a member of a protected class under the ADAAA.

67.     Plaintiff was able to meet the essential functions of her job, with or without an accommodation, therefore making her a qualified individual with a disability.

68.     Plaintiff was asked to transfer to outdoor lawn and garden and Plaintiff requested an accommodation providing her doctor's note showing outdoor restrictions.

69.     No meaningful interactive process was conducted, and Plaintiff upon requesting not to be transferred was subjected to an even greater hostile environment for requesting the accommodation.

70.     Plaintiff was subjected to a hostile workplace and unequal terms and conditions of employment because of her disability, and/or perceived disability.

71.     Plaintiff reported this conduct to management but no meaningful action was taken and if anything the harassing treatment got worse.

72.     Plaintiff was terminated shortly thereafter.

73.     To the extent that Defendant may allege other reasons for discrimination of Plaintiff either through terms and conditions of employment or in connection with her being forced to resign or constructively terminated, any such allegation should be considered evidence of pretext which along with failure to follow established policies should be viewed as evidence of intentional discrimination.

74.     Defendant's conduct toward Plaintiff, as alleged above, has caused Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

75.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of the career potential she had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

76.     Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

77.     As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

78.     Plaintiff seeks injunctive relief allowing return to her position and preventing further violation of law.

79.     Plaintiff also seeks declaratory judgment that Defendant violated the Americans with Disabilities Act as amended and/or the Rehabilitation Act of 1973 and in addition to the extent that damages are available, enter an award in favor of Plaintiff.

## *COUNT IV*

**Wrongful Discharge Under Oklahoma Common Law**

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

80.     When Plaintiff reported bad behavior of other employees to two (2) different assistant store managers, the front end supervisor and ultimately to corporate headquarters and corporate headquarters, she was interviewed about the circumstances, but no meaningful action took place, instead she was given even more demanding assignments in retaliation.

81.     Defendant had established policies over reporting and the handing of thefts of property but Defendant failed to follow those policies and allowed retaliation against Plaintiff after she reported the thefts.

82.     Oklahoma recognizes a tort claim for wrongful discharge where an employee is discharged "for refusing to violate an established and well-defined public policy" or for "performing an act consistent with a clear and compelling public policy," <u>Burk v. K-Mart Corp.</u>, 770 P.2d 24 (Okla. 1989).

83.     <u>Burk</u> tort is an exception to the common law at-will employment doctrine.

84.     As a result of the discharge of Plaintiff in violation of the <u>Burk</u> tort public policy exception, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish, increased symptoms of her disability and lost wages.

85.     Plaintiff seeks damages for the <u>Burk</u> tort in excess of ten thousand dollars ($10,000).

WHEREFORE, Plaintiff prays that she be awarded judgment against Defendant and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working,

non-economic damages, punitive damages, where authorized by law, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be just through law or equity.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
(e-mail) rjw@wagnerfirm.com


*s/ Robert J. Wagner*

By:_____
    ROBERT J. WAGNER, OBA #16902
    JON J. GORES, OBA #31068
    ATTORNEYS FOR PLAINTIFF